JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Kenneth Edwards appeals his convictions for possession of cocaine and for the burglary of four homes. As part of a plea agreement, Edwards entered a plea of guilty to these charges and provided police with information about the twenty other burglaries that he was suspected of committing. Edwards received an agreed sentence of ten years' confinement.
Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, Edwards's appointed appellate counsel has advised this court that, after a thorough review of the record, she can find nothing that would arguably support Edwards's appeal. Appellate counsel has communicated her conclusion to Edwards and has moved this court for permission to withdraw as counsel. See id. at 744, 87 S.Ct. 1396. Counsel has received no response from Edwards.
Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. See id.; see, also, Freels v. Hills (C.A.6, 1988), 843 F.2d 958. The record reflects that the trial court, pursuant to Crim.R. 11(C), ensured that Edwards's plea was made knowingly and voluntarily. The plea hearing, however, was interrupted by an outburst from Edwards's mother. The trial court had her removed from the courthouse. Following a heated exchange between Edwards and the trial court, the transcript of the proceedings indicates that, after first accepting the plea bargain and agreed sentence, Edwards rejected the agreement. The record, however, reflects that the trial court ultimately accepted the plea agreement and imposed the agreed ten-year sentence. In light of Edwards's choice not to raise this matter on appeal, we concur in counsel's conclusion that the proceedings below were free of prejudicial error.
This determination also compels our conclusion that there were no reasonable grounds for this appeal. But, because of Edwards's indigency, we allow no penalty.
Further, a certified copy of this Judgement Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.